[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried to the Court on January 11, 1994 and while the Court had it under consideration, the defendant went into bankruptcy. A notice of bankruptcy stay was filed on February 22, 1994.
The decision has been withheld up to this time, but should the Court die or become disabled, the matter might require a re-trial. Also, time tends to dim the memory of a trial court. The decision is therefore filed, to take effect upon the termination of the stay.
The Court heard William Dean, president of the plaintiff corporation who made a straightforward presentation and whose testimony was believable. The defendant, via special defenses and counterclaims, argued about alleged missing equipment and errors in items shipped.
There was scant, if any, documentation to support the defense contentions. Andrew Civitello testified for the defendant and was vague on many details and could produce little to support his claim as to the alleged shortages and defects. It was developed that though the bulk of the equipment was shipped in February of 1992, it was stored in several places by the defendant and not unpacked until mid-summer of that year. The refusal or failure to provide data to the plaintiff, even when requested by his attorney as late as September 1992, suggests the defendant was unable or unwilling to follow up on the alleged errors in measurements made by the plaintiff.
A further disagreement developed over the defendants having CT Page 11559 agreed to certain deletions in the specifications. These changes were governed by Section 3.12.8 of the Project Manual. That section referred to the contractor which Mr. Civitello assume included suppliers. The Court finds no merit to his position.
The defendant continued to report "omissions" after the August 31, 1992 date of substantial completion. The plaintiff was not invited to the meeting held to discuss cabinets heights and measurements and no claim for additional costs was submitted within the appropriate time limit. And, on cross examination, the defendant admitted he did not give the plaintiff the necessary measurements.
It is the conclusion of the Court that the plaintiff has proved his right to recover under either the first or second counts, i.e., under the contract or on quantum meruit, the claimed account balance of $12,750.
The Court will find in favor of the defendant on the third count, sounding in CUTPA. The behavior of the defendant does not violate those statutes. However, the plaintiff is entitled to interest on the principal indebtedness of $12,750 from March 31, 1992.
The plaintiff is also entitled to his reasonable counsel fees under the contract which the Court finds to be $4,500 as well as taxable costs.
Judgment may enter for the plaintiff to recover of the defendant as follows:
 Principal debt $12,750.00 Counsel fees 4,500.00 Interest from 3/31/92 4,675.00 to 10/4/95, the date of judgment at 10% __________ per annum $21,925.00
Anthony V. DeMayo State Trial Referee